**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MAZOLA N. FRANK, | Case No. 1:19-cv-0866 |
| Plaintiff, | |
| | McFarland, J. |
| v. | Bowman, M.J. |
| PNC BANK, N.A., | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

The above-captioned case was initially filed in the Hamilton County Court of Common Pleas but was removed to this federal court on October 15, 2019. On October 21, 2019, Plaintiff filed a motion seeking remand to the state court, which motion has been referred to the undersigned magistrate judge. (*See* Docs. 4, 17). For the following reasons, I now recommend that the motion to remand be denied.

**I.     Background**

Defendant's Notice of Removal states that removal is proper under 28 U.S.C. § 1332, 1441 and 1446, based upon diversity jurisdiction. Specifically, PNC Bank states that "there is complete diversity of citizenship between Plaintiff and PNC, the only named parties." (Doc. 1 at ¶5). As support for its assertion of diversity jurisdiction, the Notice briefly recites that Plaintiff "is, and was, a citizen of the State of Ohio. *See* Complaint at ¶3." (*Id.* at ¶6). Although PNC does not identify its own citizenship as directly, it states that PNC "was and is a national banking association incorporated under the laws of the State of Delaware with its principal place of business located at Pittsburgh, Pennsylvania." (*Id.* at ¶7).

## II. Analysis of Plaintiff's Motion to Remand

Removal of a state court case to federal court is generally governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States… where such action is pending." Defendant, as the removing party, bears the burden of establishing federal subject matter jurisdiction. *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007). Controlling case law requires jurisdictional prerequisites to be "strictly construed [with] all doubts resolved in favor of remand." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (internal quotation marks and additional citations omitted).

In her motion, Plaintiff argues that the statements in the Notice are facially deficient to establish diversity jurisdiction, and therefore that this Court must remand. Although Plaintiff does not contest that the amount-in-controversy requirement is satisfied, she maintains that the Notice fails to satisfy Defendant's burden to prove the complete diversity of the parties. Plaintiff argues that the Notice contains two deficiencies: (1) a failure to allege PNC's citizenship because PNC does not allege the State in which its main office is located, as designated in its articles of association; and (2) a failure to support the allegation that Plaintiff is a "citizen" of Ohio by PNC's reference to her complaint, because the complaint alleges only that Plaintiff is a "resident of" Ohio and not that she is a "citizen." Defendant's opposition to Plaintiff's motion to remand argues that the motion is "bizarre and appears to ignore well-settled law." (Doc. 9 at 1). While the

undersigned neither condones nor agrees with Defendant's characterization of Plaintiff's motion as "bizarre," the undersigned still concludes that the motion should be denied.

### A. The Citizenship of a National Bank

Plaintiff's motion is founded upon 28 U.S.C. § 1348, which provides that national banking associations like PNC are "deemed citizens of the States in which they are respectively located." As Plaintiff points out, PNC's Notice of Removal fails to provide this Court with the information statutorily required to determine PNC's citizenship – the place where PNC is "located." In *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006), the Supreme Court held that for purposes of the statute, a national bank "is a citizen of the State in which its main office is located, as stated in its articles of incorporation." However, PNC's Notice offers up only a statement as to where it is incorporated (Delaware) and as to where its "principal place of business" is located (Pennsylvania). Although the location of a bank's "main office" frequently the same as its principal place of business, it is not necessarily so. *See Schmidt*, 546 U.S. at 317, n.9 ("The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance" since "in almost every case…the location of a national bank's main office and of its principal place of business coincide."). In this case, PNC has submitted evidence in response to the motion to remand that its main office does not in fact coincide with its principal place of business (Pennsylvania), but instead is located in the state in which it is incorporated (Delaware). (*See* Doc. 9-1, Declaration of Thomas W. Morris at ¶3; Doc. 9-2, Articles of Association, stating that the "main office of the association shall be in the City of Wilmington, New Castle County, Delaware.").

Notwithstanding the failure of PNC Bank to identify its citizenship in its Notice of Removal, the undersigned recommends denial of the motion to remand because PNC has now corrected that deficiency with the evidentiary materials provided in its response. In the alternative, the undersigned finds persuasive the reasoning of *Akins v. U.S. Bank, N.A.*, 2019 WL 1495300 (W.D. Tenn. April 4, 2019), in which the defendant bank similarly asserted that its "principal place of business" was Minnesota in its Notice of Removal but failed to assert its "location" as required under 28 U.S.C. § 1348. The district court in *Atkins* declined to remand after determining that it could take "judicial notice" of the location of the main office of U.S. Bank based upon records published online by the Office of the Comptroller of the Currency. Those same records confirm PNC's main office is located in Delaware.

**B. The Citizenship of Plaintiff**

The removal statute only requires "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Courts generally apply a liberal standard to the sufficiency of the "short and plain" statement. *See Adventures Unlimited v. Chrisman*, 208 F.Supp.2d 871, 873 (E.D. Tenn. 2003) (noting that despite the "strict" requirements of federal jurisdiction, "the better rule is that detailed grounds for removal need not be set forth in the notice," so long as "the facts from which removal jurisdiction can be determined."). The Supreme Court has explained that the Notice must contain "only a plausible allegation" that establishes diversity of

citizenship and the requisite amount in controversy. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014).

Plaintiff's complaint alleges that she is an individual who resides in Ohio. In seeking remand, she does not allege or even suggest or imply in any way that she did not reside in Ohio at the time she filed her complaint in state court, or that her residence and domicile differ, or that she ever has been domiciled in any state *other* than in Ohio.[1] *See McBroom v. Bankers Life and Cas. Co.*, Case No. 2:14-cv-838, 2014 WL 5089469 (S.D. Ohio Oct. 9, 2014) (noting that the complaint alleged Ohio residency and there was no reason to believe that she was not an Ohio citizen, notwithstanding her motion to remand). Instead, Plaintiff argues for remand based upon her assertion that the Defendant's Notice is defective because it does not sufficiently "establish" that she is a "citizen" rather than merely a resident of Ohio.

Citing legal principles established more than 100 years ago, Plaintiff argues that "an averment that one is a resident of a particular state is not equivalent to an averment that he is a citizen of that state." *Bd. of Tr. of Mohican Twp., Ashland Cty., Ohio v. Johnson*, 133 F. 524, 524-25 (6th Cir. 1904).[2] But PNC avers more than that Plaintiff is a "resident" of Ohio; the Notice of Removal actually avers that Plaintiff is a "citizen" of Ohio. The fact that an individual is "not necessarily" domiciled where she resides does not mean that this Court is required to ignore the Defendant's "short and plain statement" that Plaintiff Frank is in fact a citizen of the same state in which she resides.

---

[1] Plaintiff would have to be domiciled in the state of Delaware in order to defeat diversity jurisdiction in this case.
[2] In *Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383 (6th Cir. 2016), the Sixth Circuit offers up a thorough analysis of the historical context in which this distinction arose.

5

To require Defendant to plead more in its Notice of Removal would be to insist that a Defendant provide affirmative *evidence* with its Notice of Removal to support its assertion of Plaintiff's citizenship. On the record presented, the undersigned rejects Plaintiff's argument that such affirmative evidence is required. "A removing defendant is not required to prove up the jurisdictional allegations of a notice of removal by submitting evidence with the notice." *Evans v. Wells Fargo Bank, N.A.*, 2016 WL 1248972 at * 3 (W.D. Tenn. March 29, 2016). As a general rule, the place where a person lives is taken to be his proper domicile until the evidence establishes the contrary. *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Thus, Defendant appears to have reasonably relied upon Plaintiff's statement in her complaint concerning her residence for its averment of her citizenship. If Plaintiff had presented any type of factual challenge to her citizenship, such as by asserting or arguing that she was a citizen of any state other than Ohio, the undersigned *might* be inclined to further explore this issue. But a party should not be able to defeat a Notice of Removal that so clearly and unequivocally alleges that the Plaintiff is a "citizen of the State of Ohio" (Doc. 1 at ¶6) without presenting *any* contrary evidence or argument that would suggest she is not a citizen of Ohio but instead shares the same citizenship (here, Delaware) as held by the Defendant.

A removing defendant who has alleged the diverse citizenship of a plaintiff should be required to adduce evidence to prove that jurisdictional allegation "only when the plaintiff contests, or the court questions, the defendant's allegation." *Evans*, 2016 WL 1248972 at *4 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owen*, 135 S. Ct. at 554). Plaintiff's challenge in this case is entirely hypothetical and illusory. She does not suggest or imply that she is other than a citizen of Ohio. A plaintiff's failure to allege her

6

own citizenship in her state court complaint should not be grounds for remand where: (1) the defendant properly has alleged citizenship (not merely a plaintiff's residence); (2) there is no factual basis for questioning the defendant's allegation; and (3) diversity jurisdiction is otherwise proper.

### III.     Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion to remand this case to state court for lack of federal jurisdiction (Doc. 8) should be **DENIED**.

                                                */s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MAZOLA N. FRANK,

    Plaintiff,

    v.

PNC BANK, N.A.,

    Defendant.

Case No. 1:19-cv-0866

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).