**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MAZOLA N. FRANK, | | Case No.  1:19-cv-00866-SJD-SKB |
| | Plaintiff, | |
| | | Judge Matthew W. McFarland |
| **-vs-** | | Magistrate Judge Stephanie K. Bowman |
| PNC BANK, N.A., | | **DEFENDANT PNC BANK, N.A.'S** |
| | Defendant. | **RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S DECISION** |

## I.   INTRODUCTION

Plaintiff Mazola Frank's Objections to the Magistrate's Decision epitomize a classic argument of form over substance.  Plaintiff presents no argument that the Magistrate's determination was incorrect.  Indeed, it is undisputed the Magistrate correctly concluded there exists complete diversity of citizenship and that the amount in controversy requirement was satisfied.  Plaintiff does not even attempt to suggest that she and PNC Bank, N.A. ("PNC") are citizens of the same state.  Instead, Plaintiff presents a hyper-technical argument focused on the methodology used by the Magistrate to reach the decision, and attempting to nitpick the specific language used in Defendant's Notice of Removal.  However, Plaintiff's argument ignores well-settled law.  Because the Magistrate undeniably reached the correct outcome in denying Plaintiff's Motion to Remand, her Objections should be overruled and the Magistrate's Decision adopted.

## II.   PROCEDURAL HISTORY

Plaintiff filed her lawsuit in the Hamilton County Court of Common Please alleging PNC improperly retained over $100,000 of proceeds delivered to PNC to pay-off the mortgage on Ms. Frank's residence.  Notably, Ms. Frank and PNC are the only named

parties in the litigation. Ms. Frank, perhaps intentionally given her extensive efforts to oppose removal to this Court, did not specifically allege anywhere in her Complaint facts associated with her citizenship or the citizenship of PNC.

Nevertheless, removal was plainly appropriate in this case as it was clear from Ms. Frank's Complaint that she is a citizen of Ohio, PNC is not a citizen of Ohio, and the amount in controversy clearly exceeded $75,000 from the face of the Complaint.[1] Accordingly, PNC timely removed the case to this Court. In its Notice of Removal, PNC explicitly stated, "[T]here is complete diversity of citizenship between Plaintiff and PNC, the only named parties." (Doc. 1, at ¶ 5). PNC's Notice further states PNC, "was and is a national banking association incorporated under the laws of the State of Delaware with its principal place of business located at Pittsburgh, Pennsylvania." (*Id.* at ¶ 7).

Plaintiff filed a Motion to Remand arguing PNC had not demonstrated complete diversity of citizenship because PNC had not alleged in its Notice the State in which its main office is located, as designated in its articles of association. While PNC does not agree it was required to state, with that level of specificity, the basis for its contention of diversity, it, nevertheless, presented, in response to Plaintiff's Motion to Remand, a declaration accompanied by a copy of its articles of association. Those articles of association clearly and unambiguously identified PNC's main office is located in Delaware.

---

[1] In her Motion to Remand, Plaintiff had contested PNC's averment in its Notice of Removal that she is a citizen of Ohio by arguing Plaintiff's Complaint does not expressly identify Ms. Frank as a citizen of Ohio. In recommending denial of Plaintiff's Motion to Remand, the Magistrate articulated that all of the circumstances indicate Ms. Frank is a citizen of Ohio and, perhaps more importantly, Ms. Frank has not asserted anything suggesting she is a citizen of any state other than Ohio. Plaintiff has not objected to that aspect of the Magistrate's Decision. Thus, it appears Plaintiff has accepted and acknowledged that she is a citizen of Ohio for purposes of determining diversity of the parties.

### III.    ARGUMENT

#### A.    **The Magistrate properly considered PNC's Declaration and articles of association.**

##### 1.    **The law in the Sixth Circuit is clear courts may consider "extrinsic" evidence when deciding a Motion to Remand.**

Plaintiff argues it was impermissible for the Magistrate to consider the "extrinsic" evidence of PNC's Declaration and its articles of association.   Plaintiff contends that because she presented a "facial" challenge to PNC's Notice of Removal, the Magistrate's review had to be confined only to the allegations in the Notice.  For her assertion, Plaintiff relies upon *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017).[2]

However, Plaintiff completely ignores that immediately after the quote referenced in her Objection (which does not support the proposition Plaintiff advocates), the *Mays* court clearly and unambiguously stated, "**When deciding a motion to remand** . . . **[t]he court may look to materials outside the pleadings for the limited purpose of determining whether there are "undisputed facts that negate the claim**.""" *Id.* (quoting *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (quoting *Walker v. Phillip Morris USA, Inc.*, 443 Fed App'x 946, 955-56 (6th Cir. 2011)) (emphasis added).  The Sixth Circuit has expressly recognized, "**When deciding a motion to remand . . . [a]s appropriate, we may 'pierce the pleadings' and consider summary judgment evidence, such as affidavits presented by the parties."** *Casias*, 695 F.3d at 433 (citing *Walker*, 443 Fed. App'x at 955-56) (emphasis

---

[2] The *Mays* court did not make any holdings addressing whether a court may consider extrinsic evidence when deciding a motion to remand.  Instead, in *Mays*, the Sixth Circuit considered the two issues of whether a case without complete diversity and asserting only state law claims could be removed to federal court under the theory of (1) federal-officer removal under 28 U.C.S. § 1442(a)(1), or (2) whether the state law claims implicated substantial federal questions to allow removal.  Accordingly, the sentence referenced by Plaintiff regarding a "facial" attack on a Notice of Removal is, at best, mere *dicta* to the Sixth Circuit's holding in *Mays*.

added).  "Federal courts have both the authority and the responsibility to look beyond the pleadings and determine whether, in fact, they have subject matter jurisdiction when this issue is contested." *Graham v. Chapman Int'l Corp.*, 1997 U.S. Dist. LEXIS 7401, at \*7-8 (E.D. TN, May 16, 1997) (citing *Grassi v. Ciba-Geiger, Ltd.*, 894 F.2d 181 (5th Cir. 1990)).

District courts within the Sixth Circuit have repeatedly and explicitly recognized it is permissible to consider evidence outside the pleadings when addressing a motion to remand.  *Murray Energy Holding Co. v. Bloomberg, L.P.*, 2016 U.S. Dist. LEXIS 79199, at \*6 (S.D. OH, June 17, 2016) ("The Court may, when appropriate, 'pierce the pleadings' and 'look to matters outside the pleadings for the limited purpose of determining whether there are undisputed facts that negate the claim.'"); *Adamo Demolition Co. v. Int'l Union of Operating Ins'rs Local 150*, 2020 U.S. Dist. LEXIS 15698, at \*4 (E.D. MI, Jan. 30, 2020) (looking outside the contents of the notice of removal and complaint to consider the terms of a collective bargaining agreement when considering the plaintiff's motion to remand); *Keller Logistics Group, Inc. v. Navistar, Inc.*, 391 F.Supp.3d 774, 779 (N.D. OH 2019) (considering affidavits presented by the parties when addressing a motion to remand); *Wellgen Std., LLC v. Maximum Holdings, LLC*, 2019 U.S. Dist. LEXIS 3502 (M.D. TN, Mar. 5, 2019) (considering supplemental filings by the parties in deciding a motion to remand, stating, "Materials outside the pleadings may be considered, as appropriate, in deciding a motion to remand."); *Carey v. CSX Transportation, Inc.*, 2019 U.S. Dist. LEXIS 5231, at \*6 (E.D. KY, Jan. 11, 2019) (in considering a motion to remand "the district court may 'pierce the pleadings' to consider extrinsic, summary-judgment-like evidence, such as affidavits and depositions.'"); *Push v. AIG Prop. Cas. Co.*, 2019 U.S. Dist. LEXIS 715 (E.D. KY, Jan. 3, 2019) ("When ruling on a motion to remand, the court may consider material outside the pleadings like the AIG letter 'for the limited purpose of

determining whether there are undisputed facts that negate the claim.'"); *Alexa-Tela, Inc. v. Western Herritage Ins. Co.*, 2018 U.S. Dist. LEXIS 88315 (N.D. OH, Mar. 25, 2018) (holding same); *Kamrass v. Jeffries, LLC*, 2017 U.S. Dist. LEXIS 157632, at *7 (N.D. OH, Sept. 25, 2017) (holding same).

In the present case, that is precisely what occurred.  PNC filed a Notice of Removal stating, "there is complete diversity of citizenship between Plaintiff and PNC, the only named parties."  (Doc. 1, at ¶ 5).  Plaintiff then questioned that assertion with her Motion to Remand.  PNC then addressed Plaintiff's contention by presenting evidence which clearly and undeniably demonstrated complete diversity of citizenship.  Accordingly, as the Sixth Circuit and courts within the Circuit have repeatedly recognized, it was entirely appropriate for the Magistrate to consider the Declaration and articles of association for the "purpose of determining whether there are undisputed facts" associated with Plaintiff questioning the diversity of the parties.  Because the evidence supplied by PNC clearly demonstrated undisputed facts showing PNC is a citizen of Delaware for purposes of assessing diversity jurisdiction, and there is no assertion whatsoever that Ms. Frank is a citizen of Delaware, the Magistrate properly denied Plaintiff's Motion to Remand.

### 2.  The Morris Declaration was admissible.

In a desperate effort to try to remand the case to State court, Plaintiff argues the Declaration supplied by PNC was not sufficient because it purportedly was inadmissible. Notably, at no point did Plaintiff move to strike the Declaration or otherwise object to any aspect of its contents during the several months after it was filed and before the Magistrate made her decision.

Plaintiff's arguments regarding the Declaration relate entirely to the weight, not admissibility, of the Declaration.  The Declaration explicitly states the declarant, Thomas

Morris, was testifying based upon his personal knowledge and he was competent to testify about all of the information contained in the Declaration.  (Doc. 9-1, at ¶ 9-1).  As Plaintiff acknowledges in her Objection, Fed.R. Evid. 602 states, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  **Evidence to prove personal knowledge may consist of the witness's own testimony**."  Fed.R.Evid. 602 (emphasis added).

Mr. Morris' Declaration explicitly and unambiguously states that it was based upon his personal knowledge.   The Declaration also explicitly included Mr. Morris' representation that he was competent to testify about all of the information contained in the Declaration.  The fact Mr. Morris' Declaration referenced the testimony was "to the best of" his personal knowledge does not mean it was not based upon his personal knowledge.  One's personal knowledge can never be more than "the best of" his or her personal knowledge.  Thus, the Declaration was more than sufficient for the purpose of authenticating the articles of association submitted with the Declaration.

### B. The Magistrate could properly rely upon judicial notice.

Further, the Magistrate would still be able to consider the articles of association, regardless of any perceived issues with the admissibility of Mr. Morris' Declaration, because the Magistrate properly recognized the ability to take judicial notice of PNC's articles of association.  The authority relied upon by the Magistrate to take judicial notice of PNC's articles of association involves exactly the same issue presented in this case. *Atkins v. US Bank, N.A.*, 2019 U.S. Dist. LEXIS 57986, at * 6 (W.D. TN, Apr. 4, 2019).  In *Atkins*, just like the present case, US Bank filed a notice of removal stating that its "principal place of business" was in Minneapolis, Minnesota. *Id.* at *5.  In declining to remand the case to state court, the judge in *Atkins* correctly stated:

> [A] court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R. Evid. 201(b)(2). . . . A national bank's articles of association and the location of its main office can be judicially noticed. *U.S. Bank, N.A. for Registered Holders of ML-CFC Commercial Mortgage Tr. 2007-7 v. Miller*, no. CV-12-05632-MMM, 2013 U.S. Dist. LEXIS 202179, 2013 WL 12183653, at *5 (C.D. CA, Jan. 16, 2013); *Sami v. Wells Fargo Bank*, no. C-12-00108-DMR, 2012 U.S. Dist. LEXIS 38466, 2012 WL 967051, at *2 (N.D. CA, Mar. 21, 2012).
>
> Based on records published online by the Office of the Comptroller of the Currency, the main office designated in U.S. Bank, N.A.'s articles of association is in Cincinnati, Ohio.

*Id.* at *6.

Contrary to Plaintiff's assertion in her Objection, courts throughout the country, including the Southern District of Ohio, have routinely and repeatedly taken judicial notice of a national bank's articles of association for purposes of determining the bank's citizenship. *Carter v. Standard Guar. Ins. Co.*, 2015 U.S. Dist. LEXIS 66546, at *3, n.6 (S.D. OH, Mar. 21, 2015) (taking judicial notice of Chase Bank's articles of association to establish that its main office is in Ohio) (citing *Kovac v. Superior Dairy, Inc.*, 930 F.Supp.2d 857, 862-63 (N.D. OH 2013); *Miller*, 2013 U.S. Dist. LEXIS 202179, at *13 (taking judicial notice of U.S. Bank's main office being located in Ohio); *Sami*, 2012 U.S. Dist. LEXIS 38466, at *2 (taking judicial notice of Wells Fargo's main office being located in South Dakota); *Silva v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 64636, at *3 (C.D. CA, July 16, 2011) (taking judicial notice of U.S. Bank's main office location based upon the information contained in its articles of association published on the Office of the Comptroller of the Currency's website); *Tse v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 6799, at *1 (taking judicial notice of the main office designated in Wells Fargo's articles of association); *MTGLQ Inv'rs, LP v. Wellington*, 2019 U.S. Dist. LEXIS 94199, at * 13 (D. NM, June 5, 2019) ("With respect to the citizenship of JP Morgan, a national

7

bank, the court takes judicial notice of JP Morgan's 2004 Articles of Association on file with the United States Security and Exchange Commission (SEC) . . . .") (citing *High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1175, n.1 (10th Cir. 2019) (holding that courts may "take judicial notice of official government publications"); *Pollack v. J.P. Morgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 195478, at *3, n. 1 (C.D. CA, Mar. 21, 2016) (taking judicial notice of Chase Bank's articles of association for purposes of determining its citizenship, "as a document that is in the public record and subject to verification.") (citing *Martinez v. Wells Fargo Bank*, 946 F.Supp.2d 1010, 1012, n. 2 (N.D. CA 2013) (taking judicial notice of Wells Fargo Bank's articles of association to establish that its main office was in South Dakota); *Settle v. World Sav. Bank, F.S.B.*, 2012 U.S. Dist. LEXIS 200594, at *18, n.32 (C.D. CA, Apr. 18, 2012) (taking judicial notice of articles of association filed with the Office of the Comptroller of the Currency for purposes of establishing the bank's citizenship); *Chiang v. MBNA*, 2007 U.S. Dist. LEXIS 61787, at *5 (D. MA, Aug. 22, 2007) (taking judicial notice of the bank's publicly available articles of association for purposes of establishing the bank's citizenship).

In her Objection, Plaintiff makes no meaningful effort to distinguish *Atkins* or any of the voluminous precedent described above. Instead, Plaintiff attempts to distinguish the cases relied upon by *Atkins*, the *Miller* and *Sami* decisions. However, Plaintiff's argument to distinguish those cases is wholly without merit.

Plaintiff argues the *Miller* and *Sami* cases are distinguishable because those cases involved circumstances where the courts took judicial notice of documents that had been submitted to the court. (Doc. 19, p. 11). First, as demonstrated by the multitude of courts throughout the country cited above that have routinely taken judicial notice of a national bank's main office from its publicly filed records, Plaintiff's argument is simply incorrect.

Moreover, in this case PNC **did** submit the articles of association to the Court.  So, even under Plaintiff's faulty reasoning, the Court would be able to take judicial notice of the materials PNC supplied.

As demonstrated by the fact that courts have repeatedly done so, this is precisely the type of situation where judicial notice is appropriate.  PNC's articles of association are the quintessential example of "a document that is in the public record and subject to verification.").  The location of PNC's main office in Delaware (and its principle place of business in Pittsburgh, Pennsylvania) is not disputed, and that location would undeniably create complete diversity with Ms. Frank, who is a citizen of Ohio.

Accordingly, the Magistrate correctly determined that complete diversity of citizenship existed and denied Plaintiff's Motion to Remand. Because the Magistrate's determination was clearly correct, Plaintiff's Objection should be overruled.

Respectfully submitted,

/s/  **H. Toby Schisler**

H. Toby Schisler, Esq. (0068306)
DINSMORE & SHOHL, LLP
255 East Fifth Street, Suite 2100
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax:     (513) 977-8141
toby.schisler@dinsmore.com

**Counsel for PNC Bank, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **Response to Plaintiff's Objections to Magistrate's Decision** was served upon the following via email on March 25, 2020.

> Nancy Ashbrook Willis, Esq.
> LAW OFFICE OF NANCY ASHBROOK WILLIS
> 6361 Crouch Road
> Mount Vernon, OH 43050
> nancywillis1@embarqmail.com
> ***Attorney for Plaintiff Mazola N. Frank***

/s/  ***H. Toby Schisler***